IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM SCOTT HOWARD,

    Plaintiff,

v.                                          Case No. 1:23-cv-01266-JDB-jay

JACKSON POLICE DEPARTMENT, *et al.*,

    Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
AND
DISMISSING CASE WITH PREJUDICE

---

On December 12, 2023, the Plaintiff, William Scott Howard, filed the instant pro se civil rights complaint against the Jackson, Tennessee, Police Department ("JPD"); "FSP Agencies Full Service Partnership Agencies" ("FSP"); and "other special law enforcement agencies" in California and Tennessee, seeking damages for alleged harassment, theft, and attempting to "destroy" him by the use of technology.  (Docket Entry ("D.E.") 1.)  In an order entered December 14, 2023, Plaintiff was granted leave to proceed in forma pauperis.  (D.E. 6.)  In accordance with Administrative Order No. 2013-05, the action was referred to the assigned magistrate judge, Jon A. York, for management of all pretrial matters.  In a screening report and recommendation entered June 18, 2024, (the "R&R") pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York recommended that the complaint be dismissed with prejudice.  (D.E. 9.)  Howard filed a document on July 2, 2024 (D.E. 10), to which JPD's counsel responded (D.E. 12).[1]

---

[1] As this filing is a response rather than a motion, the Clerk is DIRECTED to terminate it.

1

Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2).  Upon the filing of timely and proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2).

However, "[t]he district court is not required to review—under any standard—those aspects of the report and recommendation to which no objection is made." *Valentine v. Gay*, Case No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also Austin v. Stapleton*, 628 F. Supp. 3d 702, 706 (E.D. Mich. 2022) ("A district court is not obligated to reassess the same arguments presented before the [m]agistrate [j]udge with no identification of error in the [m]agistrate [j]udge's recommendation."); *Jenkins v. Plumbers & Pipefitters Union Local No. 614*, 971 F. Supp. 2d 737, 742-43 (W.D. Tenn. 2013) (citing *Thomas*, 474 U.S. at 151) ("a district court should adopt the findings . . . of the magistrate judge to which no specific objection is filed").  Moreover, "[p]arties may not raise at the district court stage new arguments or issues that were not presented before the magistrate judge's final [report and recommendation]." *Austin*, 628 F. Supp. 3d at 706 (internal emphasis and quotation marks omitted).

Howard has filed two previous lawsuits in this district: *Howard v. Fox*, Case No. 1:23-cv-01262-STA-jay (W.D. Tenn.) ("Howard I"), against a Tennessee state trooper alleging excessive force relating to his arrest in August 2023 in or near Jackson, filed December 8, 2023, and *Howard v. Fox*, Case No. 1:23-cv-01265-STA-jay (W.D. Tenn.) ("Howard II"), against the same trooper

2

as well as the JPD alleging false imprisonment arising from what appears to be the same arrest, filed four days later.[2]

Plaintiff averred in this his third action that, prior to returning home to Tennessee in July 2023, he was assaulted on two occasions in California. He alleged that California law enforcement officers followed him to Tennessee and that those officers, as well as federal "agencies," have been utilizing his cellphone and Facebook to steal money from his bank accounts and were somehow involved in his August 2023 arrest. Judge York concluded that this Court lacked subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as Howard's allegations were totally implausible, frivolous, attenuated, devoid of merit, and unsubstantiated. The magistrate judge noted that any proposed amendment of a complaint is futile if the amendment could not withstand a Fed. R. Civ. P. 12(b)(6) challenge. He went on to find that, even if jurisdiction was present, Plaintiff had failed to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).

In his July 2 filing, Howard related that FSP was harassing him and hacking his phone. He further contended that, on an unknown date, he went to the Tennessee Bureau of Investigation office in Nashville and showed an agent a copy of what the Court assumes to be materials from Howard I and II. The agent told him he would tell FSP to stop their activities but "they didn't listen." (D.E. 10 at PageID 26.) He then wrote to Federal Bureau of Investigation offices in Washington, D.C.; Los Angeles; and Knoxville. Plaintiff made no effort, however, to articulate any objection to the R&R, specific or otherwise, and, indeed, failed to mention it at all. Accordingly, because Plaintiff has offered no proper objection to the magistrate judge's findings,

---

[2]Plaintiff's excessive force claim against the trooper in Howard I survived screening and has been allowed to proceed. (*See* Case No. 1:23-cv-01262-STA-jay, D.E. 11.) Howard II was dismissed and judgment entered on July 9, 2024. (*See* Case No. 1:23-cv-01265-STA-jay, D.E. 10-11.)

3

conclusions, or recommendations, the Court adopts the R&R and DISMISSES this matter in its entirety with prejudice.

Judgment shall enter in favor of Defendants.

IT IS SO ORDERED this 25th day of July 2024.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE