IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM SCOTT HOWARD,

    Plaintiff,

v.                                Case No. 1:23-cv-01266-JDB-jay

JACKSON POLICE DEPARTMENT, *et al.*,

    Defendants.

___

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
___

    On June 18, 2024, United States Magistrate Judge Jon A. York issued a report and recommendation (the "R&R"), pursuant to 28 U.S.C. § 1915(e)(2)(B), recommending that the pro se Plaintiff's claims, alleging harassment by various law enforcement agencies, be dismissed with prejudice for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. (Docket Entry ("D.E.") 9.) On July 2, 2024, the Plaintiff, William Scott Howard, filed a document docketed as an objection to the R&R. (D.E. 10.) In an order entered July 25, 2024, this Court adopted the recommendation of the magistrate judge, noting that Howard's July 2 filing contained no specific objections to the R&R. (D.E. 13.) *See Jenkins v. Plumbers & Pipefitters Union Local No. 614*, 971 F. Supp. 2d 737, 742-43 (W.D. Tenn. 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 151 (1985)) ("a district court should adopt the findings . . . of the magistrate judge to which no specific objection is filed"). Judgment was entered on July 29, 2024. (D.E. 14.)

    Pending on the Court's docket is Plaintiff's March 10, 2025, motion for reconsideration of the Court's July 25, 2024, order. (D.E. 15.) The motion was also filed in three related dismissed cases assigned to United States District Judge S. Thomas Anderson—*Howard v. Henderson Police*

*Department, et al.*, Case No. 1:25-cv-01018-STA-jay (W.D. Tenn.); *Howard v. Jackson City Police Department, et al.*, Case No. 1:24-cv-01269-STA-jay (W.D. Tenn.); and *Howard v. City of Jackson Police Department, et al.*, Case No. 1:23-cv-01265-STA-jay (W.D. Tenn.)—all of which have been denied.

In the instant motion, Howard explains that he "was in jail on January 30, 2025, until March 2, 2025[, a]nd . . . didn't receive the letter from the courts to respond . . . in proper time." (D.E. 15 at PageID 38.) He asks the Court to "keep these cases open" because they "have [a] very big impact" in another related case against a Tennessee state trooper filed by Howard alleging excessive force under 42 U.S.C. § 1983. (*Id.*; *see Howard v. Fox*, Case No. 1:23-cv-01262-STA-jay (W.D. Tenn.)). That case was dismissed in September 2025. (*See Howard v. Fox*, Case No. 1:23-cv-01262-STA-jay, D.E. 72.)

It is unclear to the Court how Howard's incarceration from January to March 2025 would have impacted his receipt of rulings issued in mid-2024 and he offers no explanation therefor. Moreover, the motion does not identify the rule upon which Plaintiff relies in seeking reconsideration. Rule 59 of the Federal Rules of Civil Procedure permits the alteration or amendment of a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). Motions for relief from a judgment filed beyond that period, such as the instant filing, are governed by Fed. R. Civ. P. 60(b). *See Simmons v. City of Detroit, Michigan*, No. 24-1962, 2025 WL 3142422, at *1 (6th Cir. June 5, 2025) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)). Relief may be granted under Rule 60(b) in cases of (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the

judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . ." Fed. R. Civ. P. 60(c)(1). Since subsections (1) through (5) appear to have no application here, the Court will construe the motion as one seeking relief under Rule 60(b)(6).

"[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation and . . . this is especially true in an application of subsection (6)[.]" *King v. United States*, 143 F.4th 705, 710 (6th Cir. 2025) (cleaned up), *reh'g en banc denied*, 2025 WL 2823620 (6th Cir. Sept. 18, 2025). Relief under this catch-all provision may only be granted in narrow circumstances where subsections (1) through (5) do not apply. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Such circumstances must be extraordinary or exceptional. *Id.* at 211, 214.

Howard's motion offers nothing that is extraordinary or exceptional. Rather, it appears to seek another bite at the apple, which motions to reconsider are not designed to provide. *See Banks v. Ryan*, No. 2:24-cv-2988-SHL-tmp, 2025 WL 2816750, at *3 (W.D. Tenn. Sept. 12, 2025).

The motion is DENIED.

IT IS SO ORDERED this 24th day of November 2025.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE